**BIG FOUR MILLS, Limited, v. DOBBINS.**
**No. 11782.**

Circuit Court of Appeals, Fifth Circuit.
June 9, 1947.

Rehearing Denied July 28, 1947.

John I. Kelley, of Atlanta, Ga., and G. Fred Kelley and E. C. Brannon, both of Gainesville, Ga., for appellant.

E. D. Kenyon, of Gainesville, Ga., for appellee.

Before SIBLEY, McCORD, and LEE, Circuit Judges.

McCORD, Circuit Judge.

Action was filed by Big Four Mills, Ltd., a Kentucky corporation, against J. Harris Dobbins and Harold Dobbins for the recovery of a business located at Gainesville, Georgia, known as Big Four Feed and Poultry Company. J. Harris Dobbins and Harold Dobbins, twin brothers, died before the trial, and Mrs. Jewell Dobbins as administratrix and executrix was substituted as party defendant. Preliminary to the trial, on suggestion of plaintiff's counsel, it was stipulated that there be submitted to the jury the single issue of ownership of the Big Four Feed and Poultry Company. After the evidence was in, plaintiff moved that the case be withdrawn from the jury and that the court enter judgment for it. The court refused to withdraw the case from the jury, and submitted it on the stipulated issue. The jury returned a verdict, "That the plaintiff, Big Four Mills Limited, is not the owner of the business referred to as Big Four Feed and Poultry Company." Plaintiff then moved for a judgment notwithstanding the verdict, which motion was overruled. Judgment was entered for the defendant, and Big Four Mills appealed, contending that the evidence demanded a finding that the business belonged to it and not to the Dobbins brothers.

The evidence discloses that Big Four Mills was and is a Kentucky corporation engaged in the manufacture and sale of poultry feeds. The corporation desired an outlet for its products in the poultry growing section surrounding Gainesville, Georgia, and in 1941, Howell, president of the corporation, and Longmire, its manager, discussed with the Dobbins brothers, who were then engaged in the mercantile and feed business near Gainesville, a proposal for the formation of a partnership for the handling at retail of the products of the Big Four Mills. A warehouse was secured in Gainesville and a lease was taken in the name of Big Four Mills. On August 1, 1941, Big Four Feed and Poultry Company began operations in Gainesville. The Dobbins brothers brought in their office equipment and an automobile for use in the business. Big Four Mills shipped poultry feed to them on temporary credit, helped them secure a truck, and advanced them $200.00 in cash. Dobbins brothers took over payments on the truck, repaid the advance of $200.00 in September 1941, and paid for the feed that was shipped to them.

The new business was not an immediate success. Financing was difficult, and in October 1941 stronger financing became necessary and the State of Georgia was calling on the new company for a statement of ownership and for unemployment compensation reports. Prospects were not bright, losses were possible, and Howell and Longmire were not willing to become personally liable or to allow Big Four Mills to become liable for the debts and losses of the New venture. They, therefore, elected to step aside, and notified the Dobbins brothers that they would not go along with the proposed partnership. The Dobbins brothers thereupon took complete hold of the situation. They filed a statement with the State of Georgia in which they asserted that they were the sole owners of the business, and Howell and Longmire were notified of this action. The Dobbins brothers worked hard and secured a line of credit from the bank. They continued to buy poultry feed from Big Four Mills, which poultry feed was shipped to them on credit and on sight drafts—Big Four Mills treating the business not as a subsidiary but as it did its other customers. Through hard work and skillful management, the Dobbins brothers, assisted by Jewell Dobbins, the wife of Harris Dobbins, held the business together and finally made a success

of it. After the Dobbins brothers had made a success of the business, and nearly four years after Howell and Longmire withdrew from the proposed partnership arrangement, Big Four Mills filed this action and claimed that the business belonged to it.

Longmire, who had left the employ of Big Four Mills, testified to the original negotiations with the Dobbins brothers, but Howell, who remained as president of the Big Four Mills, gave a different version and asserted that the business had been started by Big Four Mills and that Big Four Mills had furnished the money and other assets for the business.

Although Big Four Mills now claims ownership, it is clear from the record that during the intervening years of struggle of the Dobbins brothers it had remained aloof. It did not list Big Four Feed and Poultry Company among its assets. It sold poultry feed to Big Four Feed and Poultry Company on the same basis that it sold feed to its other customers, and discounted the accounts with Commercial Credit Company just as it discounted the accounts of other customers. Moreover, after registration of Big Four Mills products were cancelled by the State of Georgia, the Dobbins brothers sought and obtained other sources of poultry feeds to carry on their business.

The jury, having heard the witnesses and the conflicting claims, was warranted in finding that the Big Four Feed and Poultry Company did not belong to Big Four Mills. The evidence did not demand a finding that the assets and resources of Big Four Mills were used to start and maintain the Big Four Feed and Poultry Company. Nor did the evidence demand a finding that corporate officers of Big Four Mills and the Dobbins brothers joined together and diverted to themselves a corporate opportunity, using the corporation's money, assets, credits, and resources in establishing and operating the business as their own. Cf. Loft, Inc., v. Guth, 23 Del. Ch. 138, 2 A.2d 225, Id., 23 Del.Ch. 235, 5 A.2d 503. The record presents a fact issue as to ownership, which issue was on ample evidence resolved by the jury in favor of the defendant.

The judgment is affirmed.